AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
| --- | --- |
| v. | ) Case: 1:21-MJ-00012 |
| | ) Assigned to: Judge G. Michael Harvey |
| Thomas Gallgher | ) Assigned Date: 1/7/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Thomas Gallgher ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752 (a) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds

40 U.S.C. 5104 (e)(2) - Violent Entry and Disorderly Conduct on Capitol Grounds

Date: 01/07/2021                              G. Michael Harvey
                                              2021.01.07 20:08:32 -05'00'
                                              *Issuing officer's signature*

City and state: Washington, DC               G. Michael Harvey, United States Magistrate Judge
                                              *Printed name and title*

### Return

This warrant was received on *(date)* 1/13/2021, and the person was arrested on *(date)* 01/13/2021
at *(city and state)* Bridgewater, New Hampshire

Date: 01/14/2021                              Andrew G Candieh
                                              *Arresting officer's signature*

                                              Andrew J. Candikey
                                              *Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
|---|---|
| v. | ) Case: 1:21-MJ-00012 |
| Thomas Gallgher | ) Assigned to: Judge G. Michael Harvey |
| | ) Assigned Date: 1/7/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Thomas Gallgher ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752 (a) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds

40 U.S.C. 5104 (e)(2) - Violent Entry and Disorderly Conduct on Capitol Grounds

Date: 01/07/2021

G. Michael Harvey
2021.01.07 20:08:32 -05'00'

*Issuing officer's signature*

City and state: Washington, DC    G. Michael Harvey, United States Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Cindy Fitchett-DOB: ; Michael Curzio-DOB: Douglas Sweet-DOB: Terry Brown-DOB: ; Bradley Rukstales-DOB: ; and Thomas Gallgher-DOB: <br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>) Case: 1:21-MJ-00012<br>Assigned to: Judge G. Michael Harvey<br>Assigned Date: 1/7/2021<br>Description: COMPLAINT W/ ARREST WARRANT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 6, 2021__ in the county of _____ in the
_____ District of __Columbia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1752 (a) | Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds |
| 40 U.S.C. 5104 (e)(2) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:

See attached statement of facts.

✔ Continued on the attached sheet.

_Complainant's signature_

Joseph Bruno, United States Capitol Police
_Printed name and title_

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone (specify reliable electronic means).

Date: __January 7, 2021__

G. Michael Harvey
2021.01.07 20:06:58 -05'00'
_Judge's signature_

City and state: __Washington, District of Columbia__    G. Michael Harvey, U.S. Magistrate Judge
_Printed name and title_

Case: 1:21-MJ-00012
Assigned to: Judge G. Michael Harvey
Assigned Date: 1/7/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On January 6, 2021, I was on duty and performing my official duties as an Officer in the United States Capitol Police. Specifically, I was detailed and deployed in uniform at the United States Capitol building to provide protective functions for members of Congress and their staff. As an Officer in the United States Capitol Police, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate chamber.

With the joint session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows. Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

In this context, at or about 3:00 p.m., I responded along with other members of the Capitol Police to a disturbance involving several dozen people who were inside the United States Capitol without lawful authority, under the circumstances described above. I observed the crowd moving together in a disorderly fashion, and I observed members of the crowd engage in conduct such as making loud noises, and kicking chairs, throwing an unknown liquid substance at officers, and spraying an unknown substance at officers.

In a loud and clear voice, Capitol Police Officers ordered the crowd to leave the building. The crowd did not comply, and instead responded by shouting and cursing at the Capitol Police Officers. I observed that the crowd, which at the time was located on the Upper Level of the United States Capitol Visitors Center near the door to the House Atrium, included the six individuals who were later identified to be Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry

Brown, Bradley Rukstales, and Thomas Gallgher. These six individuals were positioned towards the front of the crowd, close to the Capitol Police Officers who were responding, and to the officer who issued the order to leave. The six individuals, like others in the larger crowd, willfully refused the order to leave. The six individuals, Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher, were removed from the crowd, placed in handcuffs, and arrested. Subsequently, Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher were all issued Citations to Appear in the District of Columbia Superior Court on a later date.

Based on the foregoing, your affiant submits that there is probable cause to believe that the Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher violated 18 U.S.C. § 1752(a), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; or (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions. For purposes of Section 1752 of Title 18, a restricted building includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Cindy Fitchett, Michael Curzio, Douglas Sweet, Terry Brown, Bradley Rukstales, and Thomas Gallgher violated 40 U.S.C. § 5104(e)(2), which makes it a crime for an individual or group of individuals to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; or (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
OFFICER JOSEPH BRUNO
UNITED STATES CAPITOL POLICE

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 7th day of January 2021.

G. Michael Harvey
2021.01.07 20:06:33
-05'00'

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

v.

Thomas Gallagher
Defendant

Case Number: _____

Charging District's Case Number: 21-mj-12

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the , USDC-DC
(name of other court)

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named of the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise -- unless I am indicted -- to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❏ an identity hearing and production of the warrant.

❏ a preliminary hearing.

❏ a detention hearing

☒ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 01-12-21

/s/ Thomas Gallagher
Signature of Defendant

electronically signed after consultation with client and with permission of client - /s/ JSL

Date: 01-12-21

/s/ Jeffrey S. Levin
Counsel for Defendant

Date: 1/14/2021

*Andrea K. Johnstone*
☒ United States Magistrate Judge
❏ United States District Judge

cc: Defendant
   U.S. Attorney
   U.S. Marshal
   U.S. Probation
   Defense Counsel

AO 467 (Rev. 1/09) Order of Holding Defendant (NH-1/09)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America          Case No. 21-mj-10-01-AJ

v.

Thomas Gallgher     Charging District Case Number: 21-mj-12 (DC)

**ORDER OF HOLDING DEFENDANT TO ANSWER
AND TO APPEAR IN DISTRICT OF PROSECUTION
OR DISTRICT HAVING PROBATION JURISDICTION**

The defendant having appeared before this Court pursuant to Rule 5, Fed. R. Crim. P., and proceedings having been concluded and the defendant released;

The defendant shall be held to answer in the United States District Court for the District of Columbia and shall appear at all proceedings as required. The defendant shall next appear:

  Where:   U.S. District Court
           District of Columbia
           333 Constitution Avenue N. W.
           Washington D.C. 20001

  When:    By Video on January 22, 2021 at 1:00 p.m.

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of court where the charges are pending.

  SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

1/14/2021

cc:  U.S. Attorney
     U.S. Marshal
     U.S. Probation
     Jeffrey Levin, Esq.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                      USDCNH-40 (5/20)

# UNITED STATE DISTRICT COURT
## District of New Hampshire

UNITED STATES OF AMERICA

v.                                    ORDER SETTING CONDITIONS OF RELEASE

Thomas Gallagher                      Case No. 21-mj-10-01-AJ

IT IS ORDERED that the release of the defendant is subject to the following conditions:

☒ 1.   The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case.

☒ 2.   The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. 14135a.

☒ 3.   The defendant shall immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address and telephone number.

☒ 4.   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed or as directed.

☒ 5.   The defendant shall appear at _the US District Court, District of Columbia by video_ on _Jan 22, 2021_ at _1 pm_ AM or as otherwise notified.

☒. The defendant shall not enter the District of Columbia for any reason prior to this hearing on January 22, 2021

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

☐ 6.   The defendant is placed in the custody of: (*address to be redacted from electronic version of document entered on CM/ECF*):

_____
_____
_____   Tel. No. _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
            *(Custodian or Proxy)*

Page 1 of 5

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                USDCNH-40 (8/12)

☐ 7. The defendant shall:
  ☐ (a) Report on a regular basis as directed by the supervising officer.
  ☐ (b) Maintain or actively seek employment.
  ☐ (c) Refrain from possessing a firearm, destructive device, or other dangerous weapons.
  ☐ (d) Surrender any firearm(s) to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    and provide written verification to the supervising officer.
  ☐ (e) Surrender any passport to:
    ☐ Clerk, U.S. District Court, 55 Pleasant St., Concord, NH.
    ☐ Other: _____.
    ☐ by: _____.
  ☐ (f) Obtain no passport.
  ☐ (g) Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
  ☐ (h) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  ☐ (i) Meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer.
  ☐ (j) Be detained until he/she can be released directly into an inpatient treatment facility. Further hearing to be held upon the completion of the program or upon discontinuation for any reason. Defendant shall promptly notify the court, Assistant U.S. Attorney and the supervising officer of his/her discontinuation of the program or the anticipated program completion date and shall appear for a bail review hearing as scheduled.
  ☐ (k) Restrict travel to the State(s) of New Hampshire and _____.
    ☐ Travel to _____ for work purposes only.
    ☐ Travel to _____ for court purposes only.
    ☐ Other: _____.
    Any other travel must be pre-approved by the supervising officer.
  ☐ (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
    _____
    _____
    ☐ Those individuals identified on the list provided to defendant and his/her counsel at the hearing.
    ☐ Contact is permitted with _____, but defendant shall not discuss this case.
    ☐ Other: _____.
  ☐ (m) Have no unsupervised contact with any minor children.
    ☐ Other: _____.
  ☐ (n) Refrain from ___ any use of alcohol or ___ refrain from the excessive use of alcohol.
  ☐ (o) Participate in the following home confinement program components and abide by all the requirements of the program:
    ☐ (1) Curfew: defendant is restricted to his/her residence every day
      ☐ from _____ to _____; or
      ☐ as directed by the supervising officer;
    ☐ (2) Home Detention: defendant is restricted to his/her residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by the supervising officer; or
    ☐ (3) Home Incarceration: defendant is restricted to his/her residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the supervising officer.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                             USDCNH-40 (8/12)

- ☐ (4) The home confinement program will include electronic monitoring or other location verification system. Defendant shall pay all or part of the cost of the program based upon his/her ability to pay as determined by the supervising officer.
- ☐ (p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner.
- ☐ (q) Refrain from purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances (e.g. synthetic marijuana, bath salts, kratom, etc.), whether or not intended for human consumption, without preapproval of the supervising officer.
- ☐ (r) Participate in a mental health program which shall include medical, psychological, or psychiatric treatment as directed by the supervising officer and do not discontinue any mental health program without preapproval of the supervising officer.
- ☐ (s) Defendant shall take all mental health medications as prescribed by his/her treating physician.
- ☐ (t) Execute, and do not withdraw or revoke, authorizations for the supervising officer to communicate and obtain information from his/her health care providers.
- ☐ (u) Execute a secured unsecured bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____
- ☐ (v) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____
- ☐ (w) Execute a bail bond with solvent sureties in the amount of _____.
- ☐ (x) Maintain or commence an education program.
- ☐ (y) Maintain residence at a halfway house or community corrections center, as deemed necessary by the supervising officer.
- ☐ (z) Comply with the following residential requirements or restrictions: _____
   - ☐ No overnights away from the residence without preapproval of the supervising officer.
   - ☐ Any change in residence must be preapproved by the supervising officer.
- ☐ (aa) Comply with the following employment requirements or restrictions: _____
   - ☐ Refrain from engaging in an occupation, business, profession, or volunteer activity that would require or enable you to _____ without preapproval of the supervising officer.
- ☐ (bb) Report as soon as possible, to the supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ☐ (cc) Other:

☐ 8. Participate in the following computer restriction or monitoring program:
- ☐ (a) Refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.
- ☐ (b) No access to the internet unless preapproved by the supervising officer.
- ☐ (c) Computer monitoring software or hardware shall be installed on defendant's computer which will be subject to periodic and unannounced examination by the supervising officer. These examinations may include retrieval and copying of data related to online use from the computer equipment and any internal or external peripheral devices. Defendant shall pay for the cost associated with the monitoring program based upon his/her ability to pay as determined by the supervising officer.
- ☐ (d) Defendant shall not access any social media websites, messaging services, and applications that have chat or messaging functions without the approval of the supervising officer (e.g., Facebook, Snapchat, Instagram, WhatsApp, Kik, etc.).
- ☐ (e) Defendant shall provide the supervising officer with all current online screen names and passwords and he/she shall not create or use any new profiles or screen names without the prior approval of the supervising officer.

Page 3 of 5

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                USDCNH-40 (8/12)

- ☐ (f) Defendant shall surrender his/her smartphone to the supervising officer immediately. He/she can request that it be returned to him/her for trade-in purposes only. If he/she trades in the smartphone proof of the trade-in shall be provided to the supervising officer.
- ☐ 9. Participate in a sex offender-specific assessment treatment as directed by the supervising officer.
- ☐ 10. Provide access to and execute authorizations and do not revoke /withdraw authorizations, for the release of any requested financial information as requested by the supervising officer.
  - ☐ (a) Do not incur any new credit charges or open any new lines of credit without preapproval of the supervising officer.
  - ☐ (b) Other:

☐ 11. Abide by all the mandatory, standard and special conditions of supervised release as previously imposed by this court.

<u>**Advice of Penalties and Sanctions**</u>

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a federal offense while on pre-trial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony, or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment or a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to tamper with a witness, victim, or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) on offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.

In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    USDCNH-40 (8/12)

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Date: __01-14-21__                     /s/ Thomas Gallagher    electronically signed after consultation with client and with permission of client - /s/ JSL
                                       Signature of the Defendant

### Directions to United States Marshal

☐ The United State Marshal is ORDERED to keep the defendant in custody until notified by U.S. Probation or the court that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judge at the time and place specified, if still in custody.

☐ The defendant shall be detained until notified by U.S. Probation or the court that he/she can be released directly to an inpatient treatment facility.

☒ The defendant is ORDERED released after processing.

Date: __1/14/2021__                    Select Judge __Andrea K. Mahme__
                                       ☒  United States Magistrate Judge
                                       ☐  United States District Judge

cc:   Defendant
      U.S. Attorney
      U.S. Marshal
      U.S. Probation
      Defense counsel

# U.S. District Court
# District of New Hampshire (Concord)
# CRIMINAL DOCKET FOR CASE #: 1:21-mj-00010-AJ All Defendants

Case title: USA v. Gallagher                    Date Filed: 01/13/2021

Assigned to: Magistrate Judge Andrea K. Johnstone

**Defendant (1)**

| | |
|---|---|
| Thomas Gallagher | represented by **Jeffrey S. Levin**<br>Federal Defender's Office<br>The Ralph Pill Bldg<br>22 Bridge St<br>Concord, NH 03301<br>603 226-7360<br>Email: jeff_levin@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. 1752 (a) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; or Knowingly, With Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds; and 40 U.S.C. 5104(e)(2) Violent | |

Entry and Disorderly Conduct on Capitol Grounds

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Georgiana MacDonald**<br>US Attorney's Office (NH)<br>James C Cleveland Federal Bldg<br>53 Pleasant St, 4th Flr<br>Concord, NH 03301<br>603 230-2582<br>Email: georgiana.macdonald@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/13/2021 | | Arrest (Removal) of Thomas Gallgher.(kad) (Entered: 01/13/2021) |
| 01/13/2021 | | NOTICE OF HEARING as to Thomas Gallgher. Removal Hearing via Video set for 1/14/2021 01:00 PM before Magistrate Judge Andrea K. Johnstone. (kad) (Entered: 01/13/2021) |
| 01/14/2021 | 1 | COPY of Warrant and Complaint from Washington, District of Columbia, Case No. 1:21-MJ-00012 (kad) (Entered: 01/14/2021) |
| 01/14/2021 | 2 | **PUBLIC ACCESS FINDINGS as to Thomas Gallgher. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | 3 | Consent to Video/Telephonic Conference and Waiver of Right to Appear in Person for Initial Appearance Fed. R. Crim. P. 5, Preliminary Hearing Fed. R. Crim. P. 5.1, Arraignment Fed. R. Crim. P. 10, Detention/Bail Review/Reconsideration Hearings 18 U.S.C. Sec. 3142, as to Thomas Gallgher. (bt) (Entered: 01/14/2021) |
| 01/14/2021 | | **ENDORSED ORDER approving: 3 Consent to Video/Telephonic Conference Waiver to Appear in Person as to Thomas Gallgher.** *Text of Order: Approved* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | 4 | MOTION to Appoint Counsel with Financial Declaration by Thomas Gallagher. (Attachments: # 1 Financial Affidavit) *Document available in clerks office.* (bt) (Entered: 01/14/2021) |
| 01/14/2021 | | **ENDORSED ORDER approving: 4 Motion to Appoint Counsel. Federal Public Defender Jeffrey Levin appointed in the case without prejudice to further review as to Thomas Gallagher (1). Assignment accepted on 1/14/2021. Appointment Nunc Pro Tunc to 1/13/2021.** *Text of Order: Request Approved. Appoint Counsel.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | | Minute Entry for proceedings held before Magistrate Judge Andrea K. Johnstone: REMOVAL HEARING via video conference as to Thomas Gallagher held on 1/14/2021 Court approves financial affidavit. Defendant consented to hearing by video conference. Defendant: advised of rights and charges, waived preliminary hearing, waived identity hearing. Defendant released on conditions. Detention hearing to be held in prosecuting district. (Court Reporter: Brenda Hancock) (Govt Atty: Georgiana MacDonald) (Defts Atty: |

| | | |
|---|---|---|
| | | Jeffrey Levin) (USP: Janice Bernard)(Total Hearing Time: 34 Minutes) (bt) (Entered: 01/14/2021) |
| 01/14/2021 | 5 | WAIVER of Rule5(c)(3) Hearing by Thomas Gallagher. Defendant requests Preliminary Hearing and Detention Hearing in prosecuting district. (bt) (Entered: 01/14/2021) |
| 01/14/2021 | 6 | **ORDER OF HOLDING DEFENDANT TO ANSWER AND TO APPEAR IN DISTRICT OF PROSECUTION as to Thomas Gallagher to District of District of Columbia on 1/22/2021 via video conference. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | 7 | **ORDER Setting Conditions of Release as to Thomas Gallagher. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | | Oral Motion to correct Defendants name by USA as to Thomas Gallagher. (bt) (Entered: 01/14/2021) |
| 01/14/2021 | | **ORAL ORDER granting: Oral Motion to correct Defendants name as to Thomas Gallagher (1).** *Text of Order: Granted* **So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | | **ENDORSED ORDER Pursuant to FRCrP 5. In compliance with the Due Process Protections Act, the court issues the following Order: Consistent with Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, the United States is ordered to disclose all exculpatory information, in a timely manner, to the defendant. This information includes, but is not limited to, evidence that is material and is favorable to the accused. The failure to discharge this obligation may result in consequences, including the reversal of any conviction, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings and/or sanctions by the court. So Ordered by Magistrate Judge Andrea K. Johnstone. (bt)** (Entered: 01/14/2021) |
| 01/14/2021 | 8 | Notice to District of Columbia of a Rule 5, Rule 32 or Rule 40 Appearance as to Thomas Gallagher. Your case number is: 1:21-mj-12. The docket sheet and documents pertinent to this transfer are attached. If you require certified copies of any documents, please send a request to InterdistrictTransfer_@nhd.uscourts.gov. The clerk will transmit any restricted documents via email. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (bt) (Entered: 01/14/2021) |